Mendel B. SILBERBERG and Joan Perry Cohn, Executors of the Last Will and Testament of Harry Cohn, Deceased, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 776-57.

United States District Court
S. D. California,
Central Division.

April 24, 1959.

Irell & Manella, Los Angeles, Cal., for plaintiffs.

Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

HARRISON, Chief Judge.

Plaintiffs bring this action to recover $5,508.68 of federal income taxes paid by deceased for the calendar year 1946, which sum is a deficiency the government determined by disallowing the deductions claimed for repairs and depreciation on the deceased's yacht "Jobella" and by increasing the total long term gain reported from the sale of 13,000 shares of Columbia Pictures Corporation common stock.

### The Yacht "Jobella".

Plaintiffs are not entitled to a deduction for depreciation or repairs under 26 U.S.C. § 23(a) (1) (I.R.C. 1939), for while Harry Cohn had title to the vessel from August 5, 1946 to December 31, 1946, Cohn v. Westover, D.C.S.D.Cal.1954, 125 F.Supp. 184, during that period he neither used the yacht for business purposes nor was it held by him for the production of income. Plaintiffs' claim for a deductible loss sustained in 1946 as a result of the sale of the vessel to the government in 1941 is denied for this was not a ground for recovery set forth in the refund claim. B. F. Goodrich Co. v. United States, 9 Cir., 1943, 135 F.2d 456. Furthermore, it is difficult to ascertain wherein the plaintiffs can claim such refund when the yacht was not used for business purposes during the period involved.

### Columbia Pictures Stock.

Harry Cohn purchased 25,129 shares on January 28, 1932 from Joe Brandt for $500,000, and on October 9, 1935 Cohn transferred 1,000 shares which had a fair market value of $64,000 to Samuel Briskin as a commission for his services in connection with the purchase from Brandt. The issue involved here is the cost basis of 13,000 shares which Cohn sold in 1946. While plaintiffs contend that since " * * * Commissions paid in purchasing securities are a part of the cost price of such securities * * * ", Regulations 118, § 39.24(a)–2 therefore the cost of the 25,129 shares was $564,000, the government contends and it is my view that the regulation is inapplicable in this situation where the taxpayer paid the commission from the same property, the cost basis of which is in issue and that the court should view the transaction as a whole and determine that in reality Cohn actually purchased only 24,129 shares for a total out-of-pocket cost of $500,000.

Judgment for the government on both issues and counsel for the government is directed to submit proposed findings of fact and judgment under the rules.